## Kraus Estate

*Landis & Williams* by *John E. Landis*, for appellant.

*Pearlstine, Salkin, Hardiman, Robinson, Hunn & Meinzer* by *Edward J. Hardiman*, for legatee.

*Brunner, Conver & Glackin* by *Gerald F. Glackin*, for additional legatee.

TAXIS, P. J., February 2, 1972.—Joseph R. Kraus died on August 3, 1971, leaving a will dated February 11, 1967, which has been probated. At his death, a conformed copy of the will was found among his personal effects, and this copy contains three alterations, each signed by testator and dated September 1, 1970. It is conceded that testator made the alterations.

In the probated will, prepared by John P. Knox, Esq., testator left $1,000 to St. Stanislaus Catholic Church, some personal property termed by him "heavy equipment and tools" to a nephew, Richard Zepp, the balance of his personalty to a daughter and the residue to his three children. Administrative provisions followed, and three executors, including Mr. Knox, were appointed. The conformed copy had been changed (1) by adding, after the church legacy, an additional $1,000 legacy to North Penn Hospital, (2) by crossing

out the bequest of the heavy equipment and tools entirely, and (3) by crossing out Mr. Knox as a named executor. The effect of the last change is moot, as Mr. Knox has renounced. The copy had been conformed to the original by the insertion, in handwriting, of the date of execution, the name of testator and the names and addresses of the witnesses, each name being placed in its appropriate position on a signature line, and each being preceded by the symbol "s/".

The conformed copy as altered was presented for probate, which was refused. Appellant contends that the copy should be probated as a codicil, thus effectuating the changes made by testator.

It is clear that drawing lines through or otherwise obliterating a bequest, even after execution of the will, is sufficient to cause a pro tanto revocation: Okowitz Will, 403 Pa. 82, 88. Further, the addition of the second $1,000 bequest is effective, since the will was reexecuted in this respect by the testator. See Okowitz Will, supra, 89.

Does the fact that these changes, which a testator would in the more usual situation make to the original will, lose their effect because [they were] made to the copy? We conclude not. As to the revocatory change, this simply means that testator used another writing, rather than an act to the original document, to effect the result: Wills Act, 1947 P. L. 89, sec. 5, 20 PS §180.5. As to the additional legacy, he used some words already printed, rather than some other means of expression, to show his intent. Both changes, as made, appear to be capable of proof in the manner required of a will. The copy was a handy vehicle for testator's purposes, nothing more, and amendments to a will which could manifestly have been made on a blank sheet of paper should not lose their effect because testator utilized a format already in existence.

Appellant states that the revocation of paragraph Second creates certain ambiguities in the meaning of paragraph Third, and asks us to resolve them. However, we cannot do so now, as this is entirely an issue concerning distribution.

Accordingly, we enter the following:

### DECREE

And now, February 2, 1972, the appeal is sustained, and the register of wills is directed to consider the appropriate portions of the conformed copy of decedent's will for probate as a codicil to the same, in accordance with this opinion.